UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TREYVON JOHNSON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:17-CV-2007-SNLJ |
| | ) | |
| JANSSEN PHARMACEUTICALS, | ) | |
| INC., f/k/a, ORTHO-MCNEIL-JANSSEN | ) | |
| PHARMACEUTICALS, INC., and | ) | |
| JANSSEN PHARMACEUTICA, INC., | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion to remand (#25), defendants' motion for leave to file a sealed document (#2), and defendants' motion to dismiss (#21). Because defendants' removal was not procedurally proper, plaintiffs' motion to remand will be granted for the reasons explained below.

I.  **Background**

Plaintiffs originally filed this action in state court on May 8, 2015. Each claims he or she (or his or her next friend) was injured by a prescription drug that was designed, developed, manufactured, marketed, advertised, distributed, or sold by the defendants.

In June 2017, the Supreme Court of the United States decided *Bristol-Myers Squibb Co. v. Superior Court of California*, 137 S. Ct. 1773 (2017), which dealt with personal jurisdiction issues directly related to this case. Relying on *Bristol-Myers*,

1

defendants removed the case to this Court (#1)—based on diversity jurisdiction—on July 19, 2017, more than two years after the case was filed in state court.

Defendants argue that removal was proper under 28 U.S.C. § 1446(c)(1) because plaintiffs acted in bad faith by joining non-diverse plaintiffs to evade federal jurisdiction. They also argue that *Bristol-Myers* qualifies as an "order or other paper from which it may first be ascertained that the case is one which is or has become removable." *See* 28 U.S.C. § 1446(b)(3).

## II. Legal Standard

Diversity jurisdiction under 28 U.S.C. § 1332(a) requires an amount in controversy greater than $75,000 and complete diversity of citizenship, meaning that no plaintiff is a citizen of the same state as any defendant. *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). A diversity case "may not be removed . . . more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). This one-year rule trumps 28 U.S.C. § 1446(b)(3), which states that, if a case is not removable as initially pleaded, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." So defendant may remove an action up to thirty days after the defendant determines that the action is now removable, but the thirty-day window is limited by the one-year rule.

An action is commenced under 28 U.S.C. § 1446(c)(1) according to state law. "In Missouri, a civil action is commenced by filing a petition with the court . . . ." *Jackson v. C.R. Bard, Inc.,* 4:17-CV-974-CEJ, 2017 WL 2021087, at *3 (E.D. Mo. May 12, 2017) (*quoting* Mo. Sup. Ct. R. 53.01). This Court must strictly construe removal statutes because they impede states' rights to resolve controversies in their own courts. *Nichols v. Harbor Venture, Inc.*, 284 F.3d 857, 861 (8th Cir. 2002). The Court must resolve "all doubts about federal jurisdiction in favor of remand." *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997).

### III. Application

Plaintiffs did not act in bad faith to prevent defendants from removing this case. "Plaintiffs surely secured advantageous forums by manipulating the groups of plaintiffs in an attempt to prevent federal jurisdiction." *Livaudais v. Johnson & Johnson*, 4:17-CV-1851-SNLJ, 2017 WL 3034701, at *2 (E.D. Mo. July 18, 2017). But "this manipulation was legal within the confines of federal statutes and case law at the time and was not done in bad faith." *Id.* Defendants' argument that "Plaintiffs should have known from the outset that their forum manipulation rested entirely on theories of personal jurisdiction squarely foreclosed by federal law" is misplaced. In fact, these theories were permitted under Missouri law before *Bristol-Myers*. Defendants have presented no evidence of bad faith that would satisfy the exception to the one-year rule. Thus, removal is barred by the plain language of 28 U.S.C. § 1446(c)(1).

Although *Bristol-Myers* may have altered the state of affairs relating to these mass actions with many out-of-state plaintiffs joining with in-state plaintiffs, it did not create

3

an exception to the strict one-year removal statute's application to actions removed based on diversity in 28 U.S.C. § 1446(c)(1).

In any event, defendants' removal would still fail under 28 U.S.C. § 1446(b)(3) because this Court has held that *Bristol-Myers* is not an "order or other paper" that triggers a new removal period. *Erhart v. Bayer, Corp.*, No. 4:17-CV-1996-SNLJ, 2017 WL 4280635, at *4 (E.D. Mo. Sept. 27, 2017).

## IV. Conclusion

This Court is required to remand this action to state court under 28 U.S.C. § 1446(c)(1) because this action was commenced more than two years ago, and the defendants have not established bad faith on behalf of the plaintiffs.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to remand the case to state court (#25) is **GRANTED**.

**IT IS FURTHER ORDERED** that all other motions are **DENIED** as moot.

So ordered this __2nd__ day of October, 2017.

                                                        STEPHEN N. LIMBAUGH, JR.
                                                       UNITED STATES DISTRICT JUDGE